The People of the State of Illinois, Defendant in Error, v. Gola Whitlow et al., Plaintiffs in Error.

Opinion filed September 18, 1933. Rehearing denied October 24, 1933.

CARL CHOISSER and ROBT. E. SMITH, for plaintiffs in error.

MARION M. HART, State's Attorney, and ROBERT E. HICKMAN, Assistant State's Attorney, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the court.

On the 1st day of February, A. D. 1933, the circuit court of Franklin county entered its order adjudging Gola Whitlow, John Moulin and Clyde Lipe, plaintiffs in error, guilty of direct contempt of court and sentencing each of them to the county jail for the period of six months. By writ of error, plaintiffs in error have brought the case to this court for review, alleging that the acts complained of did not constitute a contempt in the presence of the court; but that whatever occurred, occurred outside the courthouse, and not in the presence of the court; that the judgment and sentence of the court is excessive and that the record does not show that plaintiffs in error were present in

court when sentence was pronounced. The record consists of the findings and order of the court pronouncing sentence. From this record it appears that at the time in question the circuit court was regularly engaged in carrying on the business of its November term, A. D. 1932; that on January 30, A. D. 1933, the same being one of the judicial days of said court, one of the plaintiffs in error, Gola Whitlow, assaulted Cecil Luther, because he had been a party to a bill for injunction just presented to said court; that said assault took place on the steps of the courthouse as the parties were leaving the courthouse; that the assault was accompanied by threats and intimidations; that the court was still in session and its usual functions were being carried on; that on the same day, prior to the said assault, said Gola Whitlow, in the courthouse yard, while the court was in session, intimidated one Tim Weatherford, accused by the said Gola Whitlow of being a party complainant to the same bill for injunction.

The record further discloses that on January 31, A. D. 1933, same being another of the judicial days of said term of said court, John Moulin, another of plaintiffs in error in the court room while court was in session, intimidated and verbally abused one of the parties complainant to said bill for injunction, and threatened him with physical violence because he had a part in causing said bill for injunction to be presented to the court; that shortly thereafter, in the courtyard, on the south side of the entrance to said courthouse, the said John Moulin assaulted one W. M. Russell, because he believed that the said W. M. Russell had had a part in bringing the said injunction suit. On both of these occasions the court had in session a petit jury and a grand jury engaged in the regular business assigned to them.

On the same day, Leal W. Reece, a solicitor for complainants in said injunction suit, on a walk nearby the courtyard and leading to the said courthouse, was violently assaulted by all three of the plaintiffs in error and a great disturbance and commotion was caused in and about the court room; that the commotion and disturbance caused by said assault was so great that it became necessary for the court to dispatch all officers in and about the court down to the courtyard to quiet said commotion, leaving the jury then and there in deliberation without a sworn officer in charge and leaving the court room and the court without the services of any officers.

There appears no justification for those disturbances, no mitigating circumstances and no just provocation. It is seen that they were brought about by the plaintiffs in error, were concerning one subject matter, the bill for injunction, and were directed against persons connected with or thought to be connected with the said bill for injunction. The assaults were apparently deliberate and organized.

We regard these contempts as committed in the presence of the court within the purview of the law which gives courts power to punish for contempts committed in their presence. Conduct which tends to embarrass or obstruct the court in the administration of justice or which tends to bring the administration of the law into disrespect or disregard constitutes a direct contempt and is punishable as such. (*People v. Gard,* 259 Ill. 238; *Dahnke v. People,* 168 Ill. 102.)

A contempt committed in any place set apart for the use of any constituent part of the court during the sessions of the court is committed in the presence of the court. (*People v. Cochrane,* 307 Ill. 126.) This principle is supported by a great weight of authority in most, if not all, jurisdictions. It could not be otherwise. It would be idle to say that a riot could be

carried on in a courthouse yard, in an attempt to prevent free access to the court on court business, making clamor which prevented the court from securing orderly attention to the business before it, and the court be powerless to protect itself against the disturbance and indignity of such an event.

Holding as we do that the contempts were committed in the presence of the court, it is unnecessary to discuss the assignment of error that the court heard the matter without the filing of a formal complaint. The court had plaintiffs in error before it. It appointed counsel to defend them. They had an opportunity to purge themselves by showing that they were not the persons who committed the contempts of which the court already was cognizant. Where acts constituting a direct contempt are committed in the presence of the court an order of commitment may be lawfully made without any preliminary proceedings. (*People v. Gard*, 259 Ill. 238; *People v. Clancy*, 239 Ill. App. 369; *People v. McDonald*, 233 Ill. App. 389.)

The suggestion that plaintiffs in error were not present in court when sentence was pronounced is without merit.

The second paragraph of the court's order is as follows:

"Whereupon, the defendants, Gola Whitlow, John Moulin and Clyde Lipe, on same day, being in open Court, represented by their attorneys, R. E. Smith and Carl Choisser, the hearing proceeds and sworn testimony is by witnesses presented before the Court; after hearing said testimony, both for the People and for the defendants, and being fully advised in the premises, the Court finds:" This is conclusive of this subject.

It is also assigned as error that the sentence is excessive. The offenses which the court adjudged to be contemptuous were of a vicious character. They were

committed in utter disregard of the dignity and orderly procedure of a court regularly in session carrying on the business of the court. They were such as were calculated to and did hinder, delay and disturb the administration of justice. The trial court was in the best position to judge the magnitude of the offenses. We do not feel that we should disturb the judgment of the court on the ground that the sentences imposed were excessive.

Ample opportunity was given plaintiffs in error to purge themselves of the contempt. They failed to do so. We find nothing in the record that would justify a reversal of the judgment. It is, therefore, affirmed.

*Judgment affirmed.*